**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0560-24

SIMON COULL,

    Plaintiff-Appellant,

v.

JAMIE VON ELLEN, HUBERT
KLEIN, CHARLES WEINSTEIN,
and EISNER AMPER,

    Defendants-Respondents.

_____

Argued May 26, 2026 – Decided July 20, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3996-21.

Simon Coull, appellant, argued the cause on appellant's behalf.

Jamie K. Von Ellen, respondent, argued the cause on respondent's behalf (Gomperts McDermott & Von Ellen, LLC, attorneys; Jamie K. Von Ellen, on the brief).

Sophia Ree argued the cause for respondents Hubert Klein, Charles Weinstein, and Eisner Amper (Landman Corsi Ballaine & Ford PC, attorneys; Sophia Ree, on the brief).

PER CURIAM

Plaintiff Simon Coull appeals from the trial court's June 7, 2024 order granting defendants Hubert Klein, Charles Weinstein, and Eisner Amper's (EA defendants) motion to dismiss his complaint with prejudice and the court's August 16, 2024 order granting defendant Jamie Von Ellen's motion to dismiss plaintiff's complaint based on the statute of limitations pursuant to N.J.S.A. 2A:14-2. [1]  We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I.

### A.    The Underlying Family Action and Post-Judgment Actions.

In January 2012, plaintiff and his ex-wife, Nancy Amster-Coull, divorced.  Their marital settlement agreement (MSA) was incorporated into

---

[1]  Plaintiff's brief does not address the portion of the court's August 16, 2024 order awarding the EA defendants' counsel fees.  Moreover, although plaintiff's notice of appeal included the court's September 27, 2024 order denying his motion for reconsideration of the August 16 order and the October 11, 2024 order denying plaintiff's motion to vacate the June 7 and August 16 orders, his merits brief does not address those orders.  An issue not briefed is deemed waived.  See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").  Thus, we do not address those orders.

their judgment of divorce. Plaintiff subsequently moved to vacate the MSA, which the trial court denied in February 2013.

In December 2013, plaintiff retained Von Ellen's then-law firm, Wolkstein, Von Ellen & Brown, LLC, to represent him in a post-judgment application to decrease his support obligations. In 2014, plaintiff moved for a downward modification of child and spousal support. The court determined plaintiff demonstrated a change in circumstances. However, to decide the motion, it directed the parties to engage in discovery, because plaintiff was a self-employed cinematographer, and the parties were unable to agree on plaintiff's income for support calculation purposes.

Accordingly, plaintiff retained Marcum Advisory Group (Marcum) as his accounting expert. Marcum issued several reports calculating plaintiff's cash flow. In early 2015, Amster-Coull retained the EA defendants as experts to perform an income and cash-flow analysis of plaintiff. Klein, a CPA and partner at Eisner Amper, was the accountant assigned to Amster-Coull's matter. The EA defendants generated an initial report in April 2015, and a supplemental report in July 2015. The parties were directed to attend mediation, but it was unsuccessful because the parties, again, could not agree on plaintiff's personal expenses. Plaintiff disagreed with the EA defendants'

3

reports, which he argued were "misleading" and "fraudulently raise[d]" his income.

Nevertheless, the parties subsequently advised the court a hearing would not be needed as they had agreed to enter into a consent order. On December 22, 2015, the court entered a consent order, drafted by Von Ellen, to resolve plaintiff's 2014 motion. Both plaintiff and Amster-Coull signed the consent order. The order specifically noted, "[t]he parties [were] unable to agree to [p]laintiff's income but were willing to agree to the support amounts" set forth in the order. According to Von Ellen, the consent order "significantly reduc[ed] [plaintiff's] obligations to his former wife and children, but not as much as [plaintiff] had hoped to achieve."

Despite the consent order, plaintiff emailed Weinstein, the CEO of Eisner Amper, in February 2016, threatening to "lodge an official complaint" against the EA defendants if they did not discuss with him the findings that formed the basis of their reports concerning his 2014 motion. The EA defendants did not respond to plaintiff's email and instead contacted Von Ellen to notify her they "would not directly respond to or communicate with [plaintiff] . . . about the substance of the work [they] performed," as they had been retained by Amster-Coull, not plaintiff.

4

A-0560-24

In September 2017, plaintiff returned to Von Ellen to seek further legal advice. Thereafter, plaintiff and Von Ellen had no further contact until approximately 2021.[2]

In or about October 2020, plaintiff moved for "declaratory relief," seeking to join Klein and Amster-Coull's then-attorney, Marlyn Quinn, as defendants in various post-judgment motions. In February 2021, the court denied plaintiff's motion.

B.    Docket Number L-1729-21.

In April 2021, plaintiff filed a complaint against Eisner Amper and Klein under Docket Number L-1729-21, alleging accountant malpractice, fraud, lack of professional due care, violations of the accountant code of conduct, breach of fiduciary duty, and gross negligence. Eisner Amper and Klein moved to dismiss the complaint with prejudice for improper service and failure to state a claim. The trial court granted the motion to dismiss in August 2021; however, the court noted the dismissal was without prejudice.

---

[2] Between 2017 and 2021, plaintiff "continuously attempted to obtain relief from the December 22, 2015[] [c]onsent [o]rder by filing various actions against [Amster-Coull] and her counsel." However, Von Ellen did not represent plaintiff in those actions.

A-0560-24

C.    Docket Number L-3671-21.

In September 2021, plaintiff attempted to amend his complaint to cure the defects that led to the dismissal, but he instead filed a new complaint, generating a new action under Docket Number L-3671-21.  Plaintiff again named Eisner Amper and Klein as defendants and asserted claims of accountant malpractice, fraud, and malicious misrepresentation.

The EA defendants again moved to dismiss the complaint for failure to file the complaint prior to the expiration of the statute of limitations pursuant to N.J.S.A. 2A:14-1, improper service, and failure to state a claim.  In December 2021, the trial court dismissed plaintiff's complaint with prejudice.

Plaintiff moved for reconsideration of the December 2021 order and for leave to amend the complaint.  The court denied both motions.  Thereafter, plaintiff appealed from the trial court's December 2021 and February 2022 orders.

We affirmed the trial court's orders and later denied plaintiff's motion for reconsideration.  Coull v. Eisner Amper, No. A-2226-21 (App. Div. Dec. 4, 2023).  Plaintiff then attempted to petition for certification to our Supreme Court, but the Court determined plaintiff's certification was deficient and instructed him to refile it.  It does not appear plaintiff ever refiled.

A-0560-24

D.    Docket Number L-3996-21.

In October 2021, under Docket Number L-3996-21, plaintiff filed his initial complaint against Von Ellen, asserting malpractice and other claims. He alleged that on October 14, 2015, shortly before a hearing to address his motion to reduce his support obligations, Von Ellen "threatened" him by stating, "[s]he could do all sorts of bad things" to him if he proceeded to trial, rather than signing the consent order. He insisted Von Ellen conspired with the EA defendants to his detriment, threatened him "to protect her co[-]conspirators," and "forc[ed] . . . [p]laintiff against his will to sign a contract under duress." Plaintiff also alleged Von Ellen and the EA defendants made "misrepresentation[s]" to the court, failed to disclose those misrepresentations, and only entered into the consent order "to prevent the [m]atter [from] going to trial."

Plaintiff moved to amend the complaint. Von Ellen subsequently cross-moved to dismiss for failure to serve an affidavit of merit. N.J.S.A. 2A:53A-27. The court granted plaintiff's motion to amend and extended the affidavit of merit deadline. Thereafter, plaintiff amended the complaint, further alleging "lack of fiduciary duty, witness tampering, [and Von Ellen] us[ed] her position [as an attorney] to exert undue influence upon [plaintiff], and forc[ed] him to

7

A-0560-24

sign [the 2015] agreement against his wishes." Coull v. Von Ellen, No. A-3858-21 (Dec. 4, 2023) (slip op. at 14). However, he failed to provide an affidavit of merit by the deadline. Accordingly, Von Ellen moved to dismiss plaintiff's amended complaint with prejudice for failure to comply with the affidavit of merit statute, which the court granted. Plaintiff appealed.

We affirmed the trial court's order regarding the malpractice claims. Id. at 12. However, we remanded the other causes of action, stating, "it appears [plaintiff] is asserting an intentional tort claim based on [Von Ellen's] alleged threats that caused him to enter into the settlement agreement against his wishes." Id. at 13. We noted, "[t]he court did not squarely address this threat claim," and "[b]ecause we must accept allegations in the complaint as true with all favorable inferences accorded to plaintiff, we are constrained to remand on this issue." Id. at 14-15. We further held "plaintiff must file a second amended complaint" within thirty days of the decision in which he "clearly state[s] the civil cause of action . . . he seeks to advance against [Von Ellen]." Id. at 15.

E. The Present Appeal.

Plaintiff filed a second amended complaint in December 2023. Therein, plaintiff asserted numerous claims against Von Ellen, including: aiding and

8

abetting fraud; tortious interference with a business; tortious interference with a contract; tortious interference with a prospective economic advantage; intentional infliction of emotional distress (IIED); conversion; continuing trespass; lack of reasonable care to prevent damage; breach of fiduciary duty in a personal position of trust; and economic duress. Plaintiff also added the EA defendants to the complaint, alleging similar claims.

The EA defendants moved to dismiss the complaint for failure to comply with the statute of limitations and failure to state a claim. In addition, they requested sanctions. While that motion was pending, the EA defendants also moved for a protective order, seeking to bar plaintiff from continuing to file frivolous lawsuits against them.

On June 7, 2024, the trial court granted the EA defendants' motion to dismiss with prejudice and their motion for sanctions. As to the motion to dismiss, the court pointed out plaintiff had attempted to join Klein as a defendant in his October 2020 action and had filed an action against Klein and Eisner Amper in April 2021. It noted it denied plaintiff's application to join Klein, while the April 2021 action was eventually dismissed. The court therefore concluded, "this [matter] has already been adjudicated and now it is . . . over." It explained, "[t]he [e]ntire [c]ontroversy [d]octrine bars subsequent

A-0560-24

actions when prior actions based on the same transaction [of] facts have been tried or . . . settled or resolved," and "[r]es judicata . . . bars the re[-]litigat[ing] of claims or issues that have already been adjudicated." In addition, the court noted, although these motions are normally denied without prejudice, it was "dismissing it with prejudice because under th[ese] doctrine[s], there is no air left in the room[,] [t]here[ is] no light [at] the end of the tunnel." However, the court denied the motion for a protective order. The EA defendants subsequently moved for counsel fees, and the court granted the motion and ordered plaintiff to pay the EA defendants $2,310 in counsel fees and $50 for filing fees.

Von Ellen also moved to dismiss plaintiff's second amended complaint for failure to file the tort claims prior to the expiration of the statute of limitations. The court granted Von Ellen's motion on August 16, 2024. It explained: "[T]he plaintiff's basis [for this complaint] is a tort claim . . . [regarding] [a]n alleged threat made on October [14], 2015." The court further stated:

> [T]he tort claim[s] w[ere] brought as a set of other claims against [Von Ellen]. Those other claims have been dismissed . . . .
>
>     . . . .

10

A-0560-24

However, if the tort claims [are] the only claim[s] against . . . Von Ellen, [those claims] ha[ve] passed the statute of limitations because the complaint was filed in 2021.

. . . .

. . . [T]he tort claims enjoyed a benefit because [they] w[ere] part of [the] other claims that fell under a longer statute of limitations. But[,] as . . . standalone claim[s], it's only two years. And that has long since passed.

Plaintiff subsequently moved for reconsideration, which the court denied on September 27, 2024. He then moved to vacate the trial court's June 7 and August 16, 2024 orders, which the court denied on October 11, 2024. This appeal ensued.

II.

"Our review of a trial court's ruling on a motion to dismiss is de novo, without deference to the judge's legal conclusions." Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (App. Div. 2022). "[A] reviewing court must 'pass no judgment on the truth of the facts alleged' in the complaint and must 'accept them as fact only for the purpose of reviewing the motion to dismiss.'" Ibid. (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005)). However, "[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one." Ibid. (alteration in original) (quoting

11

Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)). Furthermore, although dismissals are ordinarily without prejudice, a dismissal with prejudice is "mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted," or, if "discovery will not give rise to such a claim." Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022) (first quoting Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987); and then quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 107 (2019)).

A.

Plaintiff argues his amended complaint against Von Ellen "shows [his] primary claim" was an "injury to a business due to duress," plaintiff "being forced into a contract against his will," and his "loss of rights." He contends, "[t]his would fall under contract and property injury/rights" pursuant to N.J.S.A. 2A:14-1, "not personal injury," and therefore, his claims have a six-year statute of limitations, rather than two years. More particularly, he maintains the statute of limitations is six years for the tortious interference and fraud claims, not two years under N.J.S.A. 2A:14-2. Accordingly, plaintiff

asserts the trial court applied the wrong statute of limitations. Plaintiff further contends, since he filed his initial complaint on October 12, 2021, which was within six years of October 15, 2015, and because we allowed him to file an amended complaint, the causes of action in the second amended complaint fall under the relation-back doctrine and are therefore permitted to go forward under Rule 4:9-3.

Plaintiff also asserts the statute of limitations should be tolled because defendants admitted they threatened him, failed to disclose material information, and committed a "fraud upon the court." He insists the court only ruled against him previously because of defendants' "fraudulent misrepresentation[s]," and the court "has a duty to act" to protect plaintiff from defendants.

"Statutes of limitations, by their nature, are intended to compel plaintiffs to file their lawsuits within a prescribed time to allow defendants a fair opportunity to respond and safeguard their interests." Barron v. Gersten, 472 N.J. Super. 572, 576-77 (App. Div. 2022) (quoting The Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 443 (2017)). "They also 'encourage diligence and penalize dilatoriness by allowing the dismissal of stale claims.'" Id. at 577 (quoting The Palisades at Fort Lee, 230 N.J. at 443).

A-0560-24

N.J.S.A. 2A:14-1(a) provides:

> Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in N.J.S.[A.] 2A:14-2 and N.J.S.[A.] 2A:14-3,[3] or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within six years next after the cause of any such action shall have accrued.

N.J.S.A. 2A:14-2(a), in turn, provides: "Except as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect[,] or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ."

Our court has held equitable tolling is traditionally reserved for "limited occasions" including: "'(1) [if] the defendant has actively misled the plaintiff[;] (2) if the plaintiff has in some extraordinary way been prevented from asserting [their] rights[;] or (3) if the plaintiff has timely asserted [their] rights mistakenly in the wrong forum,' with the caveat that any restrictions on tolling 'must be scrupulously observed.'" F.H.U. v. A.C.U., 427 N.J. Super.

---

[3] This section applies to actions for libel or slander and is therefore not applicable here.

A-0560-24

354, 379 (App. Div. 2012) (first alteration in original) (quoting Kocian v. Getty Refin. & Mktg. Co., 707 F.2d 748, 753 (3d Cir. 1983)) (internal quotation marks omitted). For example, the doctrine may be applied "where the [plaintiff] has been induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." Villalobos v. Fava, 342 N.J. Super. 38, 50 (App. Div. 2001) (quoting Dunn v. Borough of Mountainside, 301 N.J. Super. 262, 280 (App. Div. 1997)). However, "[a]bsent a showing of intentional inducement or trickery by a defendant, [equitable tolling] . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." Barron, 472 N.J. Super. at 577 (second alteration and omission in original) (quoting Binder v. Price Waterhouse & Co., 393 N.J. Super. 304, 313 (App. Div. 2007)). Ultimately, "'[e]quitable tolling requires plaintiffs to "diligently pursue their claims[,]" because although it "affords relief from [an] inflexible, harsh[,] or unfair application of a statute of limitations," [it] does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims.'" Ibid. (last alteration in original) (quoting Binder, 393 N.J. Super. at 313). We review a trial court's decision regarding equitable remedies for an abuse of discretion. See Sears Mortg. Corp. v. Rose, 134 N.J. 326, 354 (1993).

15

In his second amended complaint, plaintiff asserted the following claims against Von Ellen: aiding and abetting fraud; tortious interference with a business; tortious interference with a contract; tortious interference with a prospective economic advantage; IIED; conversion; continuing trespass; lack of reasonable care to prevent damage; breach of fiduciary duty in a personal position of trust; and economic duress.

As a threshold matter, because IIED claims are personal injury claims, they are governed by a two-year statute of limitations. Fraser v. Bovino, 317 N.J. Super. 23, 34 (App. Div. 1998) (citing N.J.S.A. 2A:14-2). Therefore, the court did not err in dismissing plaintiff's IIED claim. Moreover, plaintiff's lack of reasonable care and breach of fiduciary duty claims are essentially legal negligence claims. See Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 115 (App. Div. 2011). We determined in the prior appeal the trial court properly dismissed plaintiff's legal negligence claims based on his failure to provide an affidavit of merit. Accordingly, there is no basis to advance these claims. Furthermore, economic duress is not an independent cause of action, and therefore, the court did not err in dismissing that claim. We also conclude the court did not misapply its discretion in rejecting plaintiff's equitable tolling contentions and affirm substantially for the reasons expressed by the court.

16

The statute of limitations for the remaining claims—aiding and abetting fraud; tortious interference with a business; tortious interference with a contract; tortious interference with a prospective economic advantage; conversion; and continuing trespass—are generally governed by the six-year statute of limitations under N.J.S.A. 2A:14-1. The court here erred in dismissing these claims based on the two-year statute of limitations set forth in N.J.S.A. 2A:14-2. For these reasons, we vacate the order dismissing plaintiff's complaint as to those claims only.

We note Von Ellen's motion was limited to the statute of limitations. The issue before us is not whether plaintiff established a prima facie case for the remaining causes of action. We are mindful of Von Ellen's assertions on appeal she was "explaining to [plaintiff] the very real costs of going to trial" and "acting in her capacity as [p]laintiff's attorney[,] . . . setting forth [his] . . . options and what could happen if he decided to go to trial and . . . did not pay his fees." We have also been presented with a transcript of the phone conversation that forms the basis for the alleged threat Von Ellen made to plaintiff and plaintiff's tortious interference claims, but the issue of whether this purported threat constitutes a tortious interference with contract, or another cause of action, was not before the trial court, as Von Ellen

17

acknowledged at oral argument. Therefore, the issue is not properly before us, and we decline to address it. See Ins. Co. of N. Am. v. Gov't Emps. Ins. Co., 162 N.J. Super. 528, 537 (App. Div. 1978). Our decision remanding this matter should not be construed as an expression of an opinion on the merits of plaintiff's claim.

## B.

Plaintiff next contends the trial court erred in dismissing the EA defendants because he was "not in possession of [all of the] facts," defendants "intentionally misl[ed] the court," and defendants "failed to disclose the misleading information" in order to "suppress" his rights and "gain an unfair advantage." He asserts the entire controversy doctrine does not apply to unknown claims, and therefore, he is entitled to bring the present claims. Additionally, he concedes the EA defendants may enjoy litigation immunity when acting as witnesses but argues they no longer enjoy this immunity because they are now defendants.

We affirm the trial court's dismissal of plaintiff's complaint against the EA defendants for the reasons set forth in the trial court's opinion. More fundamentally, we affirm based on the doctrine of litigation immunity. "It is well-settled that a witness in a judicial or quasi-judicial proceeding enjoys

18

absolute immunity from civil suit for [their] words and actions relevant to the judicial proceedings." Durand Equip. Co. v. Superior Carbon Prods., Inc., 248 N.J. Super. 581, 583 (App. Div. 1991). "The absolute immunity granted to witnesses is not designed to benefit the dishonest witness but to further the broad public interest in having witnesses who are unafraid to testify fully and openly." Id. at 585. "This absolute immunity is afforded even if 'the words are written or spoken maliciously, without any justification or excuse, and from personal ill will or anger against the party . . . .'" Id. at 583 (quoting DeVivo v. Ascher, 228 N.J. Super. 453, 457 (App. Div. 1988)). Furthermore, the immunity "is not limited to what a person may say under oath while on the witness stand. It extends to statements or communications in connection with a judicial proceeding." Id. at 584 (quoting DeVivo, 228 N.J. Super. at 457). The EA defendants' alleged actions here fall within the confines of the privilege.

To the extent we have not specifically addressed plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Healey

Clerk of the Appellate Division

19